UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>NATHAN GARY CHRISTENSEN<br><br>        Defendant.<br>_____/ | No. 1:23-CR-13<br><br><br><br><br>Hon. HALA Y. JARBOU<br>Chief U.S. District Judge |

## PLEA AGREEMENT

This constitutes the plea agreement between Nathan Gary Christensen and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Counts 2, 3 and 5 of the Indictment, charging sexual exploitation of minors, in violation of Title 18 United States Code, Section 2251(a).

2. <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18 United States Code, Section 2251(a), the following must be true:

   a. Defendant used a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

   b. The visual depicture was produced using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3. <u>Defendant Understands the Penalty</u>.  The statutory minimum and maximum sentence that the Court can impose for each violation Title 18 United States Code, Section 2251(a), is the following:

   a. Maximum penalty: 30 years' imprisonment;

   b. Minimum penalty: 15 years' imprisonment;

   c. Fine: $250,000;

   d. Supervised release: 5 years and up to life;

   e. Mandatory Special Assessment: $100; and

   f. Additional Special Assessments: $5,000 and up to $50,000.

Defendant understands that the combined statutory maximum for convictions on Counts 2, 3, and 5 is a maximum of 90 years with a mandatory minimum of 15 years.  Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4. <u>Supervised Release Defined</u>.  Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximums stated above.

5. <u>Mandatory Restitution (MVRA)</u>. Defendant understands that he will be required to pay full restitution as required by law. Defendant agrees that the restitution order is not restricted to the losses suffered by the victims in charges which Defendant is pleading guilty and that he will be responsible for restitution for all victims of his sexual exploitation of minors. The parties currently are unaware of a request for restitution, but recognize and agree that the amount of restitution will be determined by the Court at the time of sentencing. Defendant acknowledges that any restitution imposed by the Court shall be due and payable immediately and that any payment plan set by the Court does not prohibit the United States from collecting restitution beyond the installments set forth in the payment plan, until restitution is collected in full. Defendant agrees to complete a Financial Disclosure Statement fully and truthfully, together with waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information and to submit the statement to the Financial Litigation Unit of the U.S. Attorney's Office within thirty days of executing this agreement. Defendant authorizes the U.S. Attorney's Office to inspect and copy all financial documents and financial information held by the U.S. Probation Office, and acknowledges the United States may share any information collected pursuant to this agreement with the U.S. Probation Office or the Court.

6. <u>Sex Offender Registration and Medical Testing</u>.

    a. <u>Registration</u>. Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including,

but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

      b.     <u>Medical Tests</u>. Defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome. Defendant further agrees that if the initial test for the etiologic agent for immune deficiency syndrome is negative, Defendant will be re-tested six (6) months and again twelve (12) months following the initial test. 42 U.S.C. § 14011.

    7.     <u>Asset Forfeiture</u>. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. Specifically, Defendant agrees to forfeit to the United States the following items, which contained child pornography or were used to commit and promote the offenses charged in Counts 2, 3, and 5 of the Indictment:

    a. Montech computer tower, S/N: K20007292229,

    b. FSP computer tower, ID NUMBER CMT51090400078,

    c. Thermaltake computer tower, ID number VN40006W2N-1208-002328,

    d. Samsung cellular telephone (black in color),

e. Seagate hard drive, S/N: 5LAGBVCY,

f. Hitachi hard drive, S/N: JP2940HD1ZJUUC,

g. Lexar 64GB SD card,

h. Seagate 250GB hard drive, S/N:9RY1C8M3,

i. Western digital 1 TB hard drive, S/N:WCAV5H953709,

j. Acer laptop, model: Aspire One,

k. HP laptop, model: Envy, S/N:5CD43045DP,

l. Five (5) USB 32 GB flash drives,

m. USB 64 GB flash drive,

n. Silver USB flash drive,

o. Two (2) Black USB flash drives,

p. USB/USB C adapter,

q. Seagate 160GB hard drive, S/N:9RXCQN82,

r. Toshiba 500GB hard drive, S/N:Y4IECQ56TZW4HDKCB16T,

s. Hitachi 2TB hard drive, S/N:YAJVDR7Z,

t. Seagate 80GB hard drive, S/N:5RW0MRJW,

u. Seagate 80GB hard drive, S/N:5RW3YSSL,

v. Seagate 80GB hard drive, S/N:9RW3SD3T,

w. Seagate 250GB hard drive, S/N:9RY1BTD9,

x. Seagate 100GB hard drive, S/N:5PL2T191,

y. ONN tablet,

z. Fifteen (15) DVDs, and

aa. Samsung smart phone, model SM-A125U, SN: R58R83WDZBF with a 32GB SD card, SIM-89014103272221393602.

Defendant admits that above listed items are subject to forfeiture pursuant to Title 18, United States Code, Section 2253. Defendant consents to the entry of a preliminary order of forfeiture concerning the property at or before the time of sentencing.

8. <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that the Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement.  Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

   a. On September 17, 2022, in Missaukee County, Defendant knowingly used, persuaded, induced, and enticed Victim 1, who was approximately 4 years old, to engage in sexually explicit conduct, including the commission of oral sex acts and sexual intercourse. Defendant produced a video with the file name "20220917_134910.mp4" that depicted the sexually explicit conduct. The video was produced using a 1TB Western Digital hard drive that was manufactured outside the state of Michigan.

   b. On August 29, 2022, in Missaukee County, Defendant knowingly used, persuaded, induced, and enticed Victim 2, who was approximately 3 months old, to engage in sexually explicit conduct, including the commission of oral sex acts.  Defendant produced a video with the file name "20220829_065321.mp4" that depicted the sexually explicit conduct.  The video was produced using a 1TB Western Digital hard drive that was manufactured outside the state of Michigan.

   c. In 2007, the exact date being unknown, in Missaukee County, Defendant knowingly used, persuaded, induced, and enticed Victim 3, who was approximately 5 years old, to engage in sexually explicit conduct, including the commission of oral sex acts.  Defendant

produced a video with the file name "5YO [Victim 3] LEARNING SUCKS AND FUCKS 1 FULL VIDORIGINAL.mp4" that depicted the sexually explicit conduct. The video was produced using a 1TB Seagate hard drive that was manufactured outside the state of Michigan.

10. T<u>he United States Attorney's Office Agrees</u>.

    a. <u>Dismissal of Other Counts</u>. The U.S. Attorney's Office for the Western District of Michigan agrees to move to dismiss the remaining counts of the Indictment at the time of sentencing. Defendant agrees, however, that in determining the sentence, the Court may consider the conduct and dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

    b. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the

Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory minimum and maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

12. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

   c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13. <u>FOIA Requests.</u>  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>The Court is not a Party to this Agreement</u>.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty

pleas, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

15. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and

forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

17. <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARK A. TOTTEN
United States Attorney

March 13, 2023
Date

DANIEL Y. MEKARU
Assistant United States Attorney

*This space intentionally left blank*

# United States v. Nathan Gary Christensen
## 1:23-CR-13
### Plea Agreement Signature Page

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_3-9-23_
Date

_[signature]_
NATHAN GARY CHRISTENSEN
Defendant

I am Nathan Gary Christensen's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_3-9-23_
Date

_[signature]_
JAMES S. FISHER
Attorney for Defendant