# UNITED STATES DISTRICT COURT
Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-vs-<br><br>NATHAN GARY CHRISTENSEN | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  1:23-cr-13<br>USM Number: 43197-510<br><br>James Stevenson Fisher<br>Defendant's Attorney |

**Date of Imposition of Original Judgment:  August 21, 2023**
**Reason for Amendment: [X]**  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**THE DEFENDANT:**

☒     pleaded guilty to Counts 2, 3 and 5 of the Indictment.

☐     pleaded nolo contendere to Count(s) _____ , which was accepted by the court.

☐     was found guilty on Count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Offense Ended | Count(s) |
|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e)<br>Sexual Exploitation of a Child | October 7, 2022 | 2, 3, 5 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒    Counts 1, 4, and 6 are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: August 21, 2023

Dated: August 21, 2023

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

### ***IMPRISONMENT***

\*\*\*The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **one thousand eighty (1,080) months, consisting of three hundred sixty (360) months on each of Counts 2, 3, and 5, each count to be served consecutively to each other and concurrently with any term of imprisonment imposed in the 28th Circuit Court, Missaukee County, Michigan, under Docket Number 2023-3414-FC**.

☒    The court makes the following recommendations to the Bureau of Prisons:

       That the defendant receives a substance abuse evaluation and is given the opportunity to participate in substance abuse programming.

       That the defendant receives a mental health evaluation and is given the opportunity to participate in mental health programs as needed.

       That the defendant participates in sex offender therapy.

       That the defendant is not allowed any visitors under the age of 18.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

      ☐    at _____ on _____

      ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐    before 2:00 P.M. on _____

      ☐    as notified by the United States Marshal.

      ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                       _____

                                       United States Marshal

                                       By:_____

                                          Deputy United States Marshal

Defendant: NATHAN GARY CHRISTENSEN
Case Number: 1:23-cr-13

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **life on each of Counts 2, 3, and 5, all counts to run concurrently**.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state, or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.  ☒ You must cooperate in the collection of DNA as directed by the probation officer.

5.  ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

7.  ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____  Date _____

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a program of testing and treatment for substance abuse, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer and must pay at least a portion of the cost according to your ability, as determined by the probation officer.

2. You must not use/possess any alcoholic beverages and must not frequent any establishments whose primary purpose is the sale/serving of alcohol.

3. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

4. You must participate in a sex offender assessment and/or treatment, as approved by the probation officer, which may include physiological testing, such as polygraph, and/or ABEL Assessment. You will contribute to the cost of treatment in an amount approved by the probation officer and waive your right of confidentiality while involved in treatment.

5. Your residence and employment must be pre-approved by the probation officer.

6. You must not associate or have any contact with convicted sex offenders, unless in a therapeutic setting and with the permission of the probation officer.

7. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children or grandchildren, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including any related children or grandchildren, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

8. You must not date or socialize with anyone who has children under the age of 18 without the permission of the probation officer.

9. You must notify the probation officer when you establish a romantic, sexual, or personal relationship with another individual, and then must inform the other party of your prior criminal history concerning sex offenses. You understand that you must notify the probation officer of that significant other's address, age, and where the individual may be contacted.

10. You must not have contact with the victim(s) under the age of 18 in this case. This includes any physical, visual, written, electronic or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with the victim(s).

11. You must not possess or publicly display any materials that may be viewed as lures for children, including but not limited to children's games, toys, videos, or clothing without prior approval of the probation officer.

12. You must not purchase or possess photographic or video equipment without the prior knowledge and permission of the probation officer.

13. You must not possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(I)-(v), including visual, auditory, telephonic, or electronic media, and computer programs or services. You must not patronize any place whose primary purpose is to promote such materials or entertainment.

14. You must advise the probation officer of all pornographic materials, and sexual items, or devices you own or possess and you must not own or possess any sexually stimulating or sexually oriented material, items, or devices deemed inappropriate by the probation officer and/or treatment staff.

15. You must consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions or community risks related to you.

## SPECIAL CONDITIONS OF SUPERVISION, CONT'D

16. You must use only those computer(s) and/or computer related device(s) approved in advance by the probation officer.

17. You must provide the probation officer with all usernames, email addresses, passwords, social media accounts, and any other forms of internet identification, and must not create additional accounts, unless approved in advance by the probation officer.

18. You must not have another individual access the internet on your behalf to obtain files or information which you are restricted from accessing yourself, or accepting files or information from another person.

19. You must participate in the Computer/Internet Monitoring Program and must comply with the rules of the program as directed by the U.S. Probation Office. You must pay the cost of computer monitoring as directed by the probation officer, and advise anyone in your household that any computer(s) in the household may be subject to computer monitoring.

20. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| Assessment | Fine | Restitution | AVAA Assessment[*] | JVTA Assessment[**] |
|---|---|---|---|---|
| $100.00 on each of Counts 2, 3, and 5, totaling $300.00 | -0- | -0- | $1,000.00 on each of Counts 2, 3, and 5, totaling $3,000.00 | $5,000.00 on each of Counts 2, 3, and 5, totaling $15,000.00 |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss[***] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement.

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the fine.

    ☐ the interest requirement is waived for the restitution.

    ☐ the interest requirement for the fine is modified as follows: _____

    ☐ the interest requirement for the restitution is modified as follows: _____

---

[*] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[**] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[***] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: NATHAN GARY CHRISTENSEN
Case Number: 1:23-cr-13

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of **$3,300.00** due immediately, balance due
        ☐ not later than _____ , or
        ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with C, D, or F below); or

C  ☐  Payment in equal _____ installments of $_____ over a period of _____ , to commence _____
after the date of this judgment; or

D  ☐  Payment in equal _____ installments of $_____ over a period of _____ , to commence _____
after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ after release from imprisonment.
The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
The restitution and/or fine is to be paid in minimum quarterly installments of $25.00 based on IFRP participation,
or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of incarceration, to
commence 60 days after the date of this judgment. Any balance due upon commencement of supervision shall
be paid, during the term of supervision, in minimum monthly installments of $200.00 to commence 60 days after
release from imprisonment. The defendant shall apply all monies received from income tax refunds, lottery
winnings, judgments, and/or any other anticipated or unexpected financial gains to any outstanding court-
ordered financial obligations.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment,
payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except
those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the
Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the
court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.

Judgment – Page 9
Defendant: NATHAN GARY CHRISTENSEN
Case Number: 1:23-cr-13

# SCHEDULE OF PAYMENTS, CONT'D

☒   The defendant shall forfeit the defendant's interest in the following property to the United States, including but not limited to:

1. Montech computer tower, S/N: K20007292229,

2. FSP computer tower, ID NUMBER CMT51090400078,

3. Thermaltake computer tower, ID number VN40006W2N-1208-002328,

4. Samsung cellular telephone (black in color),

5. Seagate hard drive, S/N: 5LAGBVCY,

6. Hitachi hard drive, S/N: JP2940HD1ZJUUC,

7. Lexar 64GB SD card,

8. Seagate 250GB hard drive, S/N: 9RY1C8M3,

9. Western digital 1 TB hard drive, S/N: WCAV5H953709,

10. Acer laptop, model: Aspire One,

11. HP laptop, model: Envy, S/N: 5CD43045DP,

12. Five (5) USB 32 GB flash drives,

13. USB 64 GB flash drive,

14. Silver USB flash drive,

15. Two (2) Black USB flash drives,

16. USB/USB C adapter,

17. Seagate 160GB hard drive, S/N: 9RXCQN82,

18. Toshiba 500GB hard drive, S/N: Y4IECQ56TZW4HDKCB16T,

19. Hitachi 2TB hard drive, S/N: YAJVDR7Z,

20. Seagate 80GB hard drive, S/N: 5RW0MRJW,

21. Seagate 80GB hard drive, S/N: 5RW3YSSL,

22. Seagate 80GB hard drive, S/N: 9RW3SD3T,

23. Seagate 250GB hard drive, S/N: 9RY1BTD9,

24. Seagate 100GB hard drive, S/N: 5PL2T191,

25. ONN tablet,

26. Fifteen (15) DVDs, and

27. Samsung smart phone, model SM-A125U, SN: R58R83WDZBF with a 32GB SD card, SIM-89014103272221393602.